## NATIONAL SURETY CO. v. BOARD OF COM'RS OF CHEROKEE COUNTY.

No. 9791—Opinion Filed July 6, 1920.

(Syllabus by the Court.)

### Principal and Surety—Action for Premium on Surety Bond for County Treasurer—Requisites of Bond—Acceptance.

In an action by a surety company against a county for the premium upon a bond furnished for the county treasurer, where the evidence disclosed that the bond did not contain the conditions required by section 1729, Revised Laws 1910, and the county treasurer did not accept said bond, nor did he take possession of the office by virtue of said bond, and he executed another bond prior to taking his office; held, the county was not liable for the premium on said bond.

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by the National Surety Company against the Board of Commissioners of Cherokee County to recover premium on surety bond. Judgment for defendant, and plaintiff brings error. Affirmed.

N. B. Maxey, for plaintiff in error.

H. M. Vance, for defendant in error.

McNEILL, J. This action was commenced by the National Surety Company filing with the county commissioners of Cherokee county a claim for $300, being the premium from July 1, 1917, to July 1, 1918, on a bond executed by the company in behalf of J. S. Sanders, the treasurer of Cherokee county. To said claim was attached a copy of the bond of said surety company, which contained the following indorsements:

"1341—Bond of James S. Sanders, County Treasurer of Cherokee County, beginning July 1st, 1917, and ending June 30, 1919, with National Surety Company of New York as Surety in the sum of $75,000. Filed May 28, 1917. W. H. Balentine, Jr., County Clerk. Approved June 6, 1917."

Through above indorsements is written with pen and ink:

"Canceled July 2, 1917 (signed) J. R. Miller, Chairman."

The board of county commissioners disallowed said claim and from said order the surety company appealed to the district court of Cherokee county, where a

jury was waived and the case was tried to the court upon an agreed statement of facts. It was agreed that J. S. Sanders was the duly elected county treasurer of Cherokee county, and that his term of office began July 1, 1917; that the agent of the surety company spoke to Sanders about making his bond, and was advised that he might make and file a bond, but Sanders informed the agent he wanted to see the kind and character of bonds offered by other companies and after the bonds were filed he would then decide which bond he considered the best and accept the same. It was agreed, further, that the agent of the company filed the bond with the county clerk on May 26, 1917, and on June 6, 1917, the county commissioners, without any direction or knowledge of Sanders or the bonding company, indorsed the bond "Approved," and on July 2, 1917, upon request of Mr. Sanders, the approval of the bond was canceled and the bond of another company was tendered and approved by the county commissioners, and after the cancellation of the approval of the bond of the plaintiff in error and the approval of the other bond by the county commissioners Sanders qualified and took possession of the office of county treasurer.

From a judgment in the district court in favor of the defendant, the surety company has perfected its appeal to this court. The only question presented is, Did the court err in rendering judgment for the defendant and against the plaintiff upon the agreed statement of facts? It is stated in the briefs by both parties that there is no provision in the statute that requires the bond of the county treasurer to be approved by the county commissioners or any other official. The conditions of the bond to be given by the county treasurer and the provision that the county shall pay for the same are contained in section 1729, Revised Laws 1910. The statute provides the form of the bond and provides that it shall contain the following provision, to wit:

"The condition of this obligation is such that whereas if the said James S. Sanders or his deputy or deputies and all persons employed in his office shall faithfully and promptly perform the duties of his office."

It also provides that the bond shall run in the name of the state. The statute provides that the bond shall not only be liable for the acts of the treasurer, but also for the acts of his deputy or deputies and persons employed in his office. The bond tendered by the company, or given by the company, did not comply with the statute, but contained the following provision:

"That if the bondsman James S. Sanders shall faithfully and truthfully perform all the duties of his office, and account for all funds coming into his hands by virtue of said office as county treasurer of Cherokee county, as required by law, then this obligation to be void."

It will be noticed that there is a difference between the two bonds, and that before the county would be liable, it would be incumbent upon the surety company to show that it had executed a bond as provided by statute, and that the same had been accepted by the county treasurer and acted upon by him, and this they did not do. While it might be different if a bond were executed, and were acted upon, although not in full compliance with the statute, and if the county treasurer took his office by virtue of said bond, the county would no doubt be estopped from denying liability for the premium because the bond was not in compliance with the statute; but such are not the facts in the case at bar.

We think there is another reason why the judgment of the court should be sustained. The only agreement regarding the bond, according to the agreed statement of facts, was the statement of the county treasurer that he had informed the agent of the company that he might execute and file the bond and that other parties would do the same, and before he took his office he would select the bond that was the most suitable, or that he considered the most favorable. According to the agreed statement of facts, that was the only condition under which the bond was executed. The statement of facts then agreed that the county treasurer, prior to the time of taking his office, had the approval of the bond canceled by the county commissioners and the bond rejected and refused to accept the bond, and selected another bond, which was approved. Under that statement of facts, no liability was ever created against the company.

The plaintiff in error contends that when the county commissioners approved the bond they had no authority to cancel the approval, and relies upon the case of National Surety Co. v. Miozrany, 53 Okla. 322, 156 Pac. 651, but admits inability to find any case exactly in point. We do not think the case above cited is in point, for the reason that case and the other cases cited by counsel for plaintiff in error are cases where the person had assumed the office by reason of the bond and the bond had been accepted by the person authorized to receive the same, and the court held the company could not be released unless upon notice, and by substituting a new bond. We do not think these cases are controlling. We are therefore of

the opinion that, the bond not containing the provisions as required by law, and because of the further fact that the county treasurer refused to accept the bond, or take possession of his office by virtue of said bond, the county was not liable for the premium thereon.

For the reasons stated, the judgment of the trial court is affirmed.

RAINEY, C. J., and HARRISON, KANE, and JOHNSON, JJ., concur.